IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MATTHEW WAYNE BRITT #126247 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv377 |
| GREGG COUNTY SHERIFF OFFICE | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate of the Gregg County Jail proceeding *pro se*, filed this section 1983 proceeding without prepayment of the filing fee. Plaintiff's case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On August 18, 2023, the undersigned granted Plaintiff leave to proceed *in forma pauperis* and ordered him to submit an initial, partial filing fee of $25.00 within thirty days of receipt of the order. (Dkt. #7.) The order expressly warned that failure to comply could result in dismissal. (*Id.* at 2.) Plaintiff has not paid the initial fee or communicated with the Court about any inability to pay the fee or the need for additional time to do so.

A district court may dismiss an action for the failure of a litigant to prosecute or to comply with any order of the court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) ("The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant."); Fed. R. Civ. P. 41(b). Here, Plaintiff failed to comply with the order directing him to pay the required initial, partial filing fee.

Dismissal with prejudice for failure to prosecute or to comply with an order of the Court is an extreme sanction that should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way that] leav[es] the Court no choice but to deny that plaintiff

its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissal without prejudice, among other lesser measures, prior to dismissing an action with prejudice. *McNeal*, 842 F.2d at 793.

Here, Plaintiff's failure to comply with an order is not an action that threatens the judicial process—thereby rendering a dismissal with prejudice unwarranted. Therefore, upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

Accordingly, it is recommended that this case be dismissed, without prejudice, for failure to comply with an order of the Court.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 9th day of November, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE